## FINE v. UNITED STATES.
### No. 4625.

Circuit Court of Appeals, Seventh Circuit.
Jan. 5, 1932.

Rehearing Denied Feb. 18, 1932.

Bernard J. Brown, Harry K. Curtis, and Guy Guernsey, all of Chicago, Ill., for appellant.

George E. Q. Johnson, U. S. Atty., and Joseph A. Struett, both of Chicago, Ill., for the United States.

Before EVANS and SPARKS, Circuit Judges, and BALTZELL, District Judge.

SPARKS, Circuit Judge (after stating the facts as above).

The most favorable interpretation of appellant's assignment of error is that there is a total failure of proof to sustain the judgment.

There was evidence introduced in support of the following facts:

Appellant was the moving spirit in the incorporation of Chicago Beaux Arts Gift Shops, of which he became a nominal stockholder, vice president, and director. Thereafter one Roberts advanced certain money, and to protect Roberts the corporation executed a chattel mortgage to one Samuelson, who had been appellant's father-in-law; then, in appellant's presence, Roberts executed his check payable to cash for $1,000 and delivered it to Samuelson, and in turn Sam-

uelson executed his check for $900 payable to the corporation.

Afterwards, on November 23, 1929, a second chattel mortgage was prepared by appellant and executed by the corporation to a Mrs. Cleaver, the consideration for which seems to be Roberts' personal check.

About December 1, 1929, appellant advised Roberts that the proposition was getting a little too hot for him and suggested the employment of an attorney, and Roberts secured the services of Attorney Rieger. At this time there were no minute books of the corporation, and appellant requested Rieger to prepare them and gave him the data for such purpose. The minute books were thus prepared, and they purported to show the two chattel mortgages above referred to as valid existing obligations of the corporation, and these minutes were signed by appellant.

The corporation owned and operated stores on Howard, Broadway, Cicero, and Bryn Mawr streets in Chicago. On December 26, 1929, Rieger, Roberts, Falick, and appellant met at the Howard street store and discussed the foreclosure of the two chattel mortgages, and they agreed that Falick should have the Broadway and Cicero stores, and Mrs. Cleaver and Roberts should have the Howard and Bryn Mawr stores. On January 16, 1930, Rieger informed appellant that he was going to foreclose the Cleaver mortgage, and appellant instructed him to foreclose the Samuelson mortgage also. This was done, and the Howard, Bryn Mawr, and Broadway stores were sold thereunder. Mrs. Cleaver was the successful bidder at each sale, but she paid no cash for any of the property so purchased. Her bids respectively were $1,400, $1,100, and $900. Appellant was present at the sale of the Howard and Bryn Mawr stores, and told Mrs. Cleaver how much to bid on the Bryn Mawr store.

Immediately thereafter Mrs. Cleaver and Rieger, at the law office of one Glick, effected the incorporation of the Eleanor Gift Shop, to which Mrs. Cleaver assigned all of the assets of the Chicago Beaux Arts Corporation which she had purchased at the foreclosure sales.

On January 20, 1930, at appellant's request, Rieger and Roberts met appellant at his office. Thereupon appellant suggested giving Falick a bill of sale for the Broadway store. This in effect was accomplished by executing a bill of sale to one Varman at an expressed consideration of $700, but in reality none was paid. Appellant told Varman that they had given the store to Falick.

In March, 1930, appellant told Roberts that the creditors were getting uneasy and that the stores owned by the Eleanor Gift Shop must be disposed of. Appellant employed one Berghan to conduct the sale, and at times during the conduct of the sale was present and participated in selling merchandise.

No assets of the Chicago Beaux Arts Corporation were ever turned over to the trustee in bankruptcy; but at the sale conducted by Berghan $3,000 had been realized and turned over to Roberts and Mrs. Cleaver.

Under this statement of the facts, which is supported in every particular by some evidence, it cannot be seriously contended that the finding is unsupported by facts. To weigh the evidence is not within our power.

Judgment affirmed.